# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST 2006-SB1, its assignees and/or successors in interest,<br><br>Plaintiff,<br>vs.<br>JOSEPH IRION and Does 1-50, inclusive,<br>Defendants. | CASE NO. 11-CV-2696 JLS (WMC)<br><br>**ORDER: REMANDING CASE** |

Plaintiff filed an unlawful detainer action against Defendant in the Superior Court of California for the County of San Diego on September 14, 2011. (*See* Notice of Removal Ex. A, ECF No. 1 (UD Compl.)) On November 18, 2011, Defendant, proceeding pro se, removed the case to this Court. (Notice of Removal 1.) Plaintiff subsequently filed an "Ex Parte Application for Remand of Action to Superior Court. (ECF No. 4.) The Court directed Defendant to respond, and this response was filed on December 2, 2011. (Opp'n to Motion, ECF No. 6.) For the following reasons, the Court finds that Defendant's removal of this case was improper and remands the case to the Superior Court of California for the County of San Diego.

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," a defendant may remove the case to federal district court. 28 U.S.C. §1441(a). However, courts "strictly construe the removal statute against removal

- 1 -

11cv2696

1  jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).
2  Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in
3  the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.
4  1979)). The removing party bears the burden of establishing that federal subject matter
5  jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). The
6  district court's subject matter jurisdiction encompasses federal question jurisdiction and diversity
7  jurisdiction, and the Court discusses each of these in turn.
8     To determine whether federal question jurisdiction exists, the Court looks to the plaintiff's
9  complaint. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002).
10 The Court does not consider the defendant's answer, defenses, or counterclaims. *Id.* at 831. In
11 this case, Plaintiff's underlying claim is an unlawful detainer action filed under California law.
12 Defendant does not contest this but instead argues generally that jurisdiction is proper under the
13 Court's authority to hear and adjudicate questions arising under the Constitution, Laws, and
14 Treaties of the United States. (Notice of Removal 2.) Defendant goes on to allege unspecified
15 "various willful acts" which have deprived him of his fundamental rights in violation of
16 42 U.S.C. § 1983. (*Id.* at 3.) In Defendant's response to the instant motion to remand, he accuses
17 Plaintiff of various violations of federal law, including tax and securities fraud, and attempts to
18 provide evidence that Plaintiff has no claim of title on the property. (Opp'n to Motion 2-3.)
19 However, even assuming these allegations are true, the existence of a federal defense or
20 counterclaim does not render the removal of the underlying complaint proper. Defendant does not
21 provide any support for his proposition that the case was "improperly file[d]" as an unlawful
22 detainer action, other than to assert these various potential defenses or counter-claims.
23 Consequently, there is no federal question basis for removal for this case brought entirely under
24 California law.
25    There is also no basis for diversity jurisdiction in this case. Diversity jurisdiction requires
26 that Plaintiff and Defendant be of different citizenship and that the amount in controversy exceed
27 $75,000. 28 U.S.C. § 1332. The caption of Plaintiff's complaint indicates that the amount
28 //

demanded is "under $10,000." (UD Compl. 1.) Because at least one of the two requirements for diversity jurisdiction is not met, there is no diversity jurisdiction basis for removal.

Defendant likewise fails to show that removal is appropriate under 28 U.S.C. § 1443[1] because he has not referenced a California "statute or . . . constitutional provision that purports to command the state courts to ignore . . . federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). According to Defendant, removal is necessary to overcome "undue prejudice" caused by the limited jurisdiction of the state court in unlawful detainer proceedings, depriving him of the right to present material facts going to issues of title, and violating his "expectation of protection of rights and due process." (Notice of Removal 3.) Defendant states that failing to consider this "material evidence" will cause irreparable harm "and inability to enforce such rights in said state court under the laws providing for the equal protection of rights as per federal codes, statutes and foundational documents and denial of proper remedies in law." (*Id.* at 4.) However, Section 1443 has been interpreted narrowly by the Supreme Court. *See Georgia v. Rachel*, 384 U.S. 780, 792 (1970) (holding that "§ 1443(1) applies only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights.") Further, here Defendant has not shown that he will be unable to enforce any right in state court. Although unlawful detainer actions are summary in nature, the tenant is assured the right to a court hearing, and can present a defense. *See* Cal. Code of Civ. Proc. § 1170. Further, the resolution of the unlawful detainer action in state court will not preclude Defendant from litigating claims raised in his opposition relating to the validity of title or challenges to a trustee's sale in a separate action. *See, e.g., Fannie Mae v. Gooding*, 2011 WL 2636884 at *2-3 (S.D. Cal. July 6, 2011) (finding removal of unlawful detainer action improper under Section 1443 where the defendant argued she would be unable to present facts going to determination of title).

//

//

//

---

[1] Section 1443 creates federal removal jurisdiction for actions brought against defendants who cannot enforce in state court "any law providing for the equal rights of citizens of the United States." 28 U.S.C. § 1443(1).

    For these reasons, Defendant fails to establish that this Court has subject matter jurisdiction over the matter. Thus, this matter is **REMANDED** to the Superior Court of California for the County of San Diego. The Clerk shall close the file.

**IT IS SO ORDERED**.

DATED: January 27, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge